Wesley, J.
(concurring). I agree that petitioner has not established a taking because the economic value of his property has not been extinguished. For the reasons set forth in my dissenting opinion in Matter of Anello v Zoning Bd. of Appeals (89 NY2d 535 [decided today]), however, I cannot agree that petitioner would otherwise be unable to establish a taking because he acquired the property after the enactment of the Tidal Wetlands Act. (ECL 25-0101 et seq.)
If, as the majority reaffirms, "a subsequent purchaser may attack previously enacted regulations that affect the purchased property as beyond government’s legitimate police power” (majority opn, at 614), then a subsequent purchaser should also be able to challenge an otherwise valid regulation if it results in a taking without compensation. There are many reasons why a prior owner might not have pursued a taking claim. For example, a prior owner may have lacked the financial resources to develop the property or to commence an action on a taking claim. Under the reasoning of the majority, the prior owner would nonetheless have had to keep abreast of regulatory enactments and, if an enactment appeared to deprive the property of its economic value, to challenge the statute. Otherwise, the property may have been rendered worthless without the government paying any compensation for the property. By conveying the property to another party who may be willing and able to develop it or to seek compensation for the taking of its value, the prior owner has instead, under the majority’s holding, ensured the destruction of the property’s economic value.
There is no need to create a rule of law that restricts the alienability of property in New York in this manner, when we all agree that petitioner has no taking claim for a different reason. Supreme Court determined, and the Appellate Division agreed, that petitioner had not met his burden of proving that the economic value of the property had been destroyed by the denial of a variance. I would affirm on that ground alone.
Chief Judge Kaye and Judges Bellacosa, Levine and Ciparick concur with Judge Smith; Judge Wesley concurs in result in a separate opinion; Judge Titone taking no part.
Order affirmed, with costs.